IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CLARENCE V. KNIGHT,

    Plaintiff,

  v.

M. S. EVANS, et al.,

    Defendants.
                                    /

No. C 06-0887 SBA (PR)

**ORDER OF SERVICE**

    Plaintiff Clarence V. Knight, a state prisoner currently incarcerated at Salinas Valley State Prison (SVSP), filed this civil rights action under 42 U.S.C. § 1983. He has paid the full filing fee. Plaintiff has since filed an amended complaint, which is the operative complaint in this action. Venue is proper in this district because the events giving rise to the action occurred at SVSP, which is located in this district. See 28 U.S.C. § 1371(b).

## BACKGROUND

    Plaintiff claims that SVSP has instituted an "unwritten policy" called First Watch Status (FWS), "which allows prison officials to report to duty but to sit around and get paid to do nothing while the majority of the inmates are unduly confined to cells." (Am. Compl. at 3-4.) He adds that FWS is the "graveyard shift where there is no inmate activity, programming and movement." (Id. at 4.) He alleges that FWS "was being applied to second watch and third watch during inmates['] programming hours [and] that it caused undue cell confinement and denial of outdoor exercise and fresh air." (Id.) He adds that "[i]nstitutional searches and facility searches were routinely conducted for exaggerated security concerns and to . . . harass inmates by throwing away personal properties while declaring it miscellaneous trash." (Id.)

    Plaintiff alleges from January 23, 2004 to March 22, 2004, and again from May 5, 2004 to July 27, 2004, SVSP prison officials, specifically Defendants SVSP Associate Warden A. Hedgpeth and SVSP Correctional Lieutenant J. Celaya, deprived him of outdoor exercise and fresh air due to "exaggerated search concerns." (Id. at 5.) During these deprivations, Plaintiff claims he "expressed his needs [sic] for outdoor exercise and did notice J. Celaya through Sgt. V. Segoviano that [his]

medical chrono dictated that [he] receive two hours of outdoors [sic] exercise every other day . . . [but] [t]his was totally disregarded." (Id.) Plaintiff also claims that Defendants SVSP Wardens M. S. Evans and A. Duncan as well as SVSP Associate Wardens D. Travers and J. M. Allison are liable as supervisors for the alleged denial of outdoor exercise. He also alleges that they violated his right to equal protection by treating other inmates differently because Defendants Celaya and Hedgpeth "ridded the yard of the victims and resumed normal programming for the remainder of the facility."

Plaintiff pursued the administrative grievance process during which he "vehemently stressed the cause and effect of the overall conditions" created by the deprivation of outdoor exercise during the aforementioned two time periods. (Id. at 5.) He alleges that his first 602 appeal was denied at all levels by Defendants Travers and SVSP Chief Deputy Warden L. E. Scribner. He also alleges that his second 602 appeal was denied at all levels by Defendants Celaya, Hedgpeth and Duncan as well as SVSP Chief of Inmate Appeals N. Grannis and the California Department of Corrections and Rehabilitation (CDCR) Designee of the Chief of Inmate Appeals J. Surgess.

Plaintiff claims that he was retaliated against by Defendant SVSP Correctional Sergeant M. Wilson for filing prison grievances. He also claims that Defendants Celaya and SVSP Correctional Lieutenant G. Jordan are liable as supervisors for the alleged retaliation.

Plaintiff alleges that from June 14, 2005 to July 8, 2005, "while [he] was housed in ad. seg., [he] suffered from serious ongoing pains due to spinal degeneration in approximately four different areas of the spine." (Id. at 8.) He alleges he was prescribed "20 mgs. of methadone for pain twice a day as needed [but] this medication caused vomitting [sic]." He claims the registered nurses on duty, specifically naming Defendants SVSP Registered Nurses Joe and Anderson, "failed to do anything about [his] pain . . . knowing [he] could not take methadone . . . ." (Id.) The record shows that Plaintiff's 602 appeal concerning this claim was granted, and on July 28, 2005, he was granted access to pain-control medicines, which were delivered on August 23, 2005. (Id.; Pl.'s Ex. L.) Even though his appeal was granted, he claims his serious medical needs were deliberately ignored by Defendants Joe and Nurse Anderson.

Plaintiff also claims that while he was housed in administrative segregation, he was denied

medical care. Specifically, Plaintiff alleges that Defendant Jordan had the "responsibility to make sure that all of [his] medical appliances, such as medical gel mattress, medical issued pillow, back brace and ankle braces, accompanied [him] while being placed in ad seg." (Am. Compl. at 15.) He claims that he suffered "serious pain and discomfort from 6-14-05 through Oct. 21, 2005." (Id.) Plaintiff filed a 602 appeal for this claim. On August 2, 2005, he claims that Defendant SVSP Correctional Sergeant Kessler "interviewed [Plaintiff] regarding [his 602 appeal] and ask[ed] [him] to withdraw [his] grievance and he'd get [his] medical appliances." (Id.) Plaintiff claims that Defendant Kessler retaliated against him when Defendant Kessler "withheld [Plaintiff's] medical appliances strictly because [he] refused to withdraw [his] grievance." (Id. at 16.) The record shows that Plaintiff's 602 appeal was granted, and Plaintiff received all his medical appliances on October 21, 2005. (Pl.'s Ex. X.)

Plaintiff claims that on June 14, 2005, after he was removed from his cell, Defendants Jordan, SVSP Correctional Lieutenant R.L. Martinez, as well as SVSP Correctional Officers E. Parsons and Diaz "unlawfully seiz[ed] and destroy[ed] evidence in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and state law." (Am. Compl. at 19-20; Pl.'s Ex. R.)

Also on June 14, 2005, Plaintiff claims that Defendants Jordan and Celaya moved him to a holding cell "in only boxer shorts for approximately 11 hours from 5:30 to 4:00 PM in violation of the 4 hrs. maximum procedures, without being fed breakfast or lunch." (Am. Compl. at 15.)

Plaintiff claims he submitted various 602 appeals, which he claims were mishandled and were wrongly denied at various levels of review by Defendants Wilson, Celeya, Evans and Grannis, as well as SVSP Chief Disciplinary Officer J. Allison, SVSP Office Assistant of the Appeals Coordinator V. Hernandez, and SVSP Appeals Coordinators T. Variz and S. Gomez.

In addition to the claims already mentioned in this Order, Plaintiff asserts a supervisory liability claim against Defendant Scribner as a deputy warden at SVSP.

Plaintiff seeks monetary damages and declaratory relief.

## DISCUSSION

**I.     Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks

3

redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

## II. Legal Claims

### A. Claims Relating to Denial of Outdoor Exercise

Exercise is one of the basic human necessities protected by the Eighth Amendment. See LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993); Toussaint v. Rushen, 553 F. Supp. 1365, 1380 (N.D. Cal. 1983), aff'd in part and vacated in part, 722 F.2d 1490 (9th Cir. 1984). Prisoners who are "confined to continuous and long-term segregation" may not be deprived of outdoor exercise. See Keenan v. Hall, 83 F.3d 1083, 1089-90 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998). The "long-term" deprivation of outdoor exercise to such prisoners is unconstitutional. See LeMaire, 12 F.3d at 1458; see, e.g., Lopez v. Smith, 203 F.3d 1122, 1132-33 (9th Cir. 2000) (en banc) (denial of outdoor exercise for 6-1/2 weeks meets the objective prong of Eighth Amendment deliberate indifference claim); Keenan, 83 F.3d at 1089-90 (plaintiff's undisputed claim of denial of outdoor exercise for six months while in segregation sufficient to proceed to trial); Allen v. Sakai, 48 F.3d 1082, 1087-88 (9th Cir. 1994) (deprivation of outdoor exercise for six weeks to prisoners in indefinite segregation enough to state Eighth Amendment claim), cert. denied, 514 U.S. 1065 (1995); Toussaint v. Yockey, 722 F.2d 1490, 1493 (9th Cir. 1984) (denial of outdoor exercise to prisoners assigned to administrative segregation for over one year raised "substantial constitutional question"); Spain v. Procunier, 600 F.2d 189, 199-200 (9th Cir. 1979) (complete deprivation of outdoor exercise for four years to prisoners in continuous segregation violated Eighth Amendment).

4

1 It is well-established that a prisoner must be provided regular outdoor exercise unless "inclement
2 weather, unusual circumstances, or disciplinary needs" make it impossible. See Spain, 600 F.2d at
3 199. Liberally construed, Plaintiff's allegations of deprivation of outdoor exercise for a total of
4 almost five months state a cognizable claim under § 1983 and will be served on Defendants
5 Hedgpeth and Celaya. But cf. Hayward v. Procunier, 629 F.2d 599, 603 (9th Cir. 1980) (upholding
6 temporary deprivation of outdoor exercise during "lockdown" initiated during a "genuine
7 emergency").

8 Plaintiff also alleges a claim of denial of equal protection against Defendants Hedgpeth and
9 Celaya relating to the deprivation of outdoor exercise. The Equal Protection Clause commands that
10 all persons similarly situated should be treated alike. City of Cleburne v. Cleburne Living Center,
11 473 U.S. 432, 439 (1985). To state a claim for relief under the Equal Protection Clause, a plaintiff
12 must allege that the defendant acted at least in part because of plaintiff's membership in a protected
13 class. See Serrano v. Francis, 345 F.3d 1071, 1081-82 (9th Cir. 2003). Outside the prison context,
14 discrimination on the basis of race and discrimination based on the exercise of a fundamental
15 constitutional right ordinarily are subject to strict scrutiny; discrimination on the basis of gender and
16 alienage are subject to intermediate scrutiny; and discrimination on any other basis is subject to
17 lenient rational basis review. See Cleburne, 473 U.S. at 440-41. Proof of a discriminatory intent or
18 purpose is also required. City of Cuyahoga Falls, Ohio v. Buckeye Cmty. Hope Found., 538 U.S.
19 188, 194 (2003). In the prison context, an allegedly discriminatory prison regulation or practice is
20 valid as long as it is "reasonably related to legitimate penological interests." Turner v. Safley, 482
21 U.S. 78, 89 (1987).

22 Plaintiff alleges that the prison discriminated against inmates who were subject to FWS, who
23 were denied any opportunity for outdoor exercise from January 23, 2004 to March 22, 2004, and
24 again from May 5, 2004 to July 27, 2004, in favor of other inmates in the prison, who were afforded
25 yard access during this period. The Court first notes that Plaintiff does not allege discrimination on
26 the basis of race or another classification that ordinarily would call for a heightened level of review.
27 Plaintiff's own exhibits demonstrate a rational basis for the unequal treatment because during the
28 time period at issue, Plaintiff claims that he and other similarly-situated inmates were subjected to

institutional searches and facility searches routinely conducted in response to institutional security concerns.  Therefore, Plaintiff fails to state a cognizable claim under the Equal Protection Clause.  His Eighth Amendment claim, however,remains viable.  Thus, Plaintiff states a cognizable Eighth Amendment claim for relief against Defendants Celaya and Hedgpeth.

**B.    Claims of Deliberate Indifference to Serious Medical Needs**

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment.  See Estelle v. Gamble, 429 U.S. 97, 104 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).  A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need.  See McGuckin, 974 F.2d at 1059.  A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "wanton infliction of unnecessary pain."  Id. (citing Estelle, 429 U.S. at 104).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Mere negligence is never sufficient to establish a constitutional violation.  See County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) (holding that liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (holding that negligence or harassment related to medical care is insufficient to establish an Eighth Amendment violation).

**1.    Claims Against Defendants Joe and Anderson**

Plaintiff's allegations against Defendants Joe and Anderson regarding his "serious ongoing pains due to spinal degeneration" do not state a claim under the Eighth Amendment because Defendants Joe's and Andersons's conduct does not amount to deliberate indifference.  Plaintiff alleges that his condition was in fact cured by the treatment he received.  Plaintiff alleges that he was initially given methadone, which caused vomiting, and that he was in pain for about a month until the correct medication was prescribed after his appeal was granted.  Thus, Plaintiff seems to argue

6

that Defendants Joe and Anderson are liable for deliberate indifference because they initially gave Plaintiff the wrong course of treatment, which caused him pain. A showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference. See Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); see also Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir.) (citing Farmer, 511 U.S. at 837), cert. denied, 519 U.S. 1029 (1996). Accordingly, Plaintiff's deliberate indifference claims against Defendants Joe and Anderson are DISMISSED for failure to state a claim.

### 2. Claims Against Defendants Jordan and Kessler

Plaintiff alleges that Defendants Jordan and Kessler were liable for "withholding and depriving Plaintiff of prescribed medical appliances causing pain and discomfort." (Am. Compl. at 21.) The Court notes that Plaintiff was eventually granted his medical appliances on October 21, 2005. At most, Plaintiff's allegations constitute negligence. Negligence is insufficient to establish a constitutional violation. See Franklin, 662 F.2d at 1344; see, e.g., Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain); Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988) (no more than negligence stated where prison warden and work supervisor failed to provide prompt and sufficient medical care). Accordingly, Plaintiff's deliberate indifference claims against Defendants Jordan and Kessler are DISMISSED with prejudice for failure to state a claim for relief.

### C. Retaliation Claims

Retaliation by a state actor for the exercise of a constitutional right is actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would have been proper. See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977). "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) an assertion that a state

actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005). Accordingly, a prisoner suing prison officials under § 1983 for retaliation must allege he was retaliated against for exercising his constitutional rights and that the retaliatory action did not advance legitimate penological goals, such as preserving institutional order and discipline. See Pratt v. Rowland, 65 F.3d 802, 806 (9th Cir. 1995). The prisoner also must allege the defendants' actions caused him some injury. Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000).

Plaintiff alleges that Defendants Kessler, Jordan and Celaya retaliated against him for filing grievances. He also alleges a separate claim for retaliation against Defendant Wilson based on his actions of depriving Plaintiff of work because he filed grievances. But nowhere does Plaintiff allege that he exhausted his administrative remedies as to these retaliation claims. In fact, Plaintiff concedes that the 602 appeal he filed relating to his retaliation claim against Defendant Wilson was "never addressed." (Am. Compl. at 6.) Similarly, the record also shows that Plaintiff's 602 appeal log no. SVSP 05-02447 concerned his deliberate indifference claim against Defendants Jordan and Kessler, and not his retaliation claim against Defendants Kessler, Jordan and Celaya. (Pl.'s Ex. X.) In any event, Plaintiff received his medical appliances on October 21, 2006; therefore, he fails to state a claim for relief because he has not shown that Defendants Kessler's, Jordan's and Celaya's actions caused him any injuries. See Resnick, 213 F.3d at 449. Accordingly, his retaliation claims against Defendants Kessler, Jordan, Celaya and Wilson are DISMISSED without prejudice to Plaintiff raising it in a new action after he has met the requirements of 42 U.S.C. § 1997e. See Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) (although failure to exhaust is an affirmative defense, a claim may be dismissed without prejudice if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies).

### D.  Claim Relating to Grievance Process

Plaintiff alleges that Defendants Travers, Scribner, Celaya, Hedgpeth, Duncan, Grannis and Surgess handled and denied his 602 appeals regarding the alleged denial of outdoor exercise at

8

various levels of review. He further alleges that his other 602 appeals were mishandled and were wrongly denied at various levels of review by Defendants Wilson, Celeya, Evans, Grannis, Allison, Hernandez, Variz, Gomez and Luman.

The amended complaint does not state a claim for relief against the various officials who either mishandled his appeals or did not rule in Plaintiff's favor during the appeal process. Any claim based on the simple failure to grant his administrative appeals or process them properly is not cognizable in a § 1983 action because there is no constitutional right to a prison administrative appeal or grievance system for California inmates. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The state of California has not created a protected interest in an administrative appeal system in prison. California Code of Regulations, title 15 sections 1073 and 3084 et seq. grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause). Plaintiff had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal or failure to process the appeal in a particular way therefore did not amount to a violation of his right to due process. Therefore the aforementioned claims concerning the handling of his appeals are DISMISSED.

### E.  Claims Against Supervisors

Plaintiff names several supervisors as Defendants without alleging that they directly participated in a violation of his constitutional rights, or that they knew of but failed to stop or prevent violations of his constitutional rights. Under no circumstances, however, is there respondeat superior liability under § 1983; that is, there is no liability under § 1983 solely because one is

responsible for the actions or omissions of another. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." Id.

Plaintiff has not alleged an adequate basis for liability against the supervisors named as Defendants. A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc). Here, Plaintiff has alleged neither. Plaintiff has failed to allege direct participation in constitutional violations by any of the supervisors named as Defendants. Rather, it appears that he is seeking to impose liability under the doctrine of respondeat superior, that is, because the aforementioned Defendants are supervisors, they are responsible for the actions or omissions of their employees. However, as mentioned above, respondeat superior liability is not a basis for recovery in a § 1983 action. Therefore, Plaintiff's supervisory liability claims against Defendants Evans, Duncan, Travers, Allison and Scribner are DISMISSED with leave to amend. Plaintiff may file an amendment to the complaint that alleges supervisory liability under the standards explained above.

### F.     Claims Relating to Unlawful Seizure and Destruction of Property

Plaintiff contends that Defendants Jordan, Martinez, Parsons and Diaz unlawfully seized and destroyed his property on June 14, 2005. Neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. Parratt v. Taylor, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hudson v. Palmer, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides adequate procedural due process. King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986). California law provides an adequate post-deprivation remedy for any property deprivations. Barnett

1  v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).[1]  Plaintiff's
2  allegations involve a random and unauthorized deprivation of property, the sort of claim that is not
3  cognizable under § 1983.  Therefore, Plaintiff's claim relating to unlawful seizure and destruction of
4  property against Defendants Jordan, Martinez, Parsons and Diaz is DISMISSED with prejudice.

### G. Claims Relating to Holding Cell Conditions

Plaintiff claims that, on June 14, 2005, Defendants Jordan's and Celaya's actions of "leaving Plaintiff in holding cages for approximately 6 1/2 hours beyond the maximum required time permitted is cruel and unusual punishment in violation of the Fourteenth Amendment to the Constitution and state law." (Am. Compl. at 21.)

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones.  Farmer, 511 U.S. at 832.  The treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.  Helling v. McKinney, 509 U.S. 25, 31 (1993).  In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive force against prisoners.  See Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  The Eighth Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety.  See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199-200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982).

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, see Farmer, 511 U.S. at 834 (citing Wilson v. Seiter, 501 U.S. 294, 298 (1991)), and (2) the prison official must possess a sufficiently culpable state of mind, see id. (citing Wilson, 501 U.S. at 297).

In determining whether a deprivation of a basic necessity is sufficiently serious to satisfy the objective component of an Eighth Amendment claim, a court must consider the circumstances, nature, and duration of the deprivation.  The more basic the need, the shorter the time it can be

---

[1] Nor is a prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his property.  Taylor v. Knapp, 871 F.2d 803, 806 (9th Cir. 1989).

withheld. <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000).  Substantial deprivations of shelter, food, drinking water or sanitation for four days, for example, are sufficiently serious to satisfy the objective component of an Eighth Amendment claim.  <u>Id.</u> at 732-733.  The requisite state of mind to establish an Eighth Amendment violation depends on the nature of the claim.  In prison-conditions cases, the necessary state of mind is one of "deliberate indifference."  <u>See, e.g.</u>, <u>Farmer</u>, 511 U.S. at 834 (inmate safety); <u>Helling</u>, 509 U.S. at 32-33 (inmate health); <u>Wilson</u>, 501 U.S. at 302-03 (general conditions of confinement); <u>Estelle</u>, 429 U.S. at 104 (inmate health).

Here, Plaintiff merely alleges that he was placed in a holding cell for a few hours longer that the alleged maximum time frame and that he may have missed breakfast and lunch.  Based on these allegations, the Court finds that he has failed to allege facts that are sufficiently serious to satisfy the objective component of a cognizable claim of cruel and unusual punishment, under the Eighth Amendment, based upon the aforementioned prison conditions.  Accordingly, his claims relating to the holding cell conditions against Defendants Jordan and Celaya are DISMISSED with prejudice for failure to state a claim for relief.

### III.     **Pleading Requirements**

Because Plaintiff has not been following proper pleading requirements.  All future pleadings submitted by Plaintiff to the Court shall comply with the following provisions of Rules 3-4(c)(2) and (c)(3), and 7-4(a)(2) through (a)(5) and (b), of the Northern District of California Civil Local Rules:

Rule 3-4.  Papers Presented for Filing.

(c) General Requirements.

   (2) Written Text.  Text must appear on one side only and must be double-spaced with no more than 28 lines per page, except for the identification of counsel, title of the case, footnotes and quotations.  Typewritten text may be no less than standard pica or 12-point type in the Courier font or equivalent, spaced 10 characters per horizontal inch.  Printed text, produced on a word processor or other computer, may be proportionally spaced, provided the type may not be smaller than 12-point standard font (e.g., Times New Roman).  The text of footnotes and quotations must also conform to these font requirements.

   (3) Identification of Paper.  Except for exhibits, each paper filed with the Court must bear a footer on the lower margin of each page stating the title of the paper (e.g., "Complaint," "Defendant's Motion for Summary Judgment," etc.) or some clear and concise abbreviation.  Once the Court assigns a case number to the action that case number must be included in the footer.

> Rule 7-4.  Brief or Memorandum of Points and Authorities.
>
> (a) Content.  In addition to complying with the applicable provisions of Civil L.R. 3-4, a brief or memorandum of points and authorities filed in support, opposition or reply to a motion must contain:
>
> ***
>
> (2) If in excess of 10 pages, a table of contents and a table of authorities;
> (3) A statement of the issues to be decided;
> (4) A succinct statement of the relevant facts; and
> (5) Argument by the party, citing pertinent authorities.
>
> (b) Length.  Unless the Court expressly orders otherwise pursuant to a party's request made prior to the due date, briefs or memoranda filed with opposition papers may not exceed 25 pages of text and the reply brief or memorandum may not exceed 15 pages of text.

Civil L.R. 3-4(c)(2)-(3), 7-4(a)(2)-(5), (b).

Any pleadings which do not meet these requirements and for which prior permission to exceed the page limits has not been sought shall be returned to Plaintiff without being filed.

## **CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1.	Plaintiff has adequately alleged a COGNIZABLE Eighth Amendment claim for relief based on the denial of outdoor exercise against Defendants Celaya and Hedgpeth.

2.	Plaintiff's Equal Protection claim is DISMISSED with prejudice.

3.	Plaintiff's Eighth Amendment claims against Defendants Joe and Anderson for deliberate indifference to his serious medical needs are DISMISSED with prejudice.

4.	Plaintiff's Eighth Amendment claims against Defendants Jordan and Kessler for deliberate indifference to his serious medical needs are DISMISSED with prejudice.

5.	Plaintiff's retaliation claims against Defendants Kessler, Jordan, Celaya and Wilson are DISMISSED without prejudice for failure to exhaust available administrative remedies.

6.	Plaintiff's claims against Defendants Travers, Scribner, Celaya, Hedgpeth, Duncan, Grannis, Surgess, Wilson, Evans, Allison, Hernandez, Variz, Gomez and Luman relating to the grievance process are DISMISSED with prejudice.

7.	Plaintiff's supervisory liability claims against Defendants Evans, Duncan, Travers,

Allison and Scribner are DISMISSED with leave to amend.  Within **thirty (30) days** of the date of this Order Plaintiff may file amended supervisory liability claims to correct the noted pleading deficiencies as set forth above.  Plaintiff shall resubmit <u>only</u> his supervisory liability claims and not his other claims.  In his amendment to the complaint, Plaintiff must allege that each of the aforementioned Defendants, as a supervisor, "participated in or directed the violations, or knew of the violations and failed to act to prevent them."  <u>Taylor</u>, 880 F.2d at 1045.  Plaintiff must clearly label the document an "Amendment to the Complaint," and write in the case number for this action, Case No. C 06-887 SBA (PR).  The failure to do so within the thirty-day deadline will result in the dismissal of Plaintiff's supervisory liability claims against Defendants Evans, Duncan, Travers, Allison and Scribner without prejudice for failure to state a cognizable claim for relief.

8.       Plaintiff's claim relating to unlawful seizure and destruction of property against Defendants Jordan, Martinez, Parsons and Diaz is DISMISSED with prejudice.

9.       Plaintiff's claims relating to the holding cell conditions against Defendants Jordan and Celaya are DISMISSED with prejudice.

10.      Good cause appearing, the United States Marshal is hereby ORDERED to attempt to effect personal service upon **Defendants SVSP Correctional Lieutenant J. Celaya at SVSP and former SVSP Associate Warden A. Hedgpeth at Kern Valley State Prison.**  The United States Marshal shall serve Defendants Celaya and Hedgpeth "personally" or serve an agent of Defendants Celaya and Hedgpeth "authorized by appointment or by law to receive service of process."  Fed. R. Civ. P. 4(e)(2).

The Clerk shall provide the United States Marshal with the necessary summons and copies of:  (1) the complaint (docket no. 1) and the amended complaint (docket no. 8) as well as copies of all attachments thereto; and (2) a copy of this Order.  The United States Marshal shall attempt personal service within **fourteen (14) days** of the date of this Order.

The Clerk shall also mail copies of these documents to the Attorney General of the State of California.  Additionally, the Clerk shall serve a copy of this Order on Plaintiff.

11.      The case has been pending for almost three years and there is no reason for further delay.  In order to expedite the resolution of this case, the Court orders as follows:

      a.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure.  In addition, no later than **thirty (30) days** from the date their answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due.  All papers filed with the Court shall be promptly served on Plaintiff.

      b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** after the date on which Defendants' motion is filed.  The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of

those allegations when he files his opposition to Defendants' dispositive motion.  Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration.  Plaintiff is advised that if he fails to submit declarations contesting the version of the facts contained in Defendants' declarations, Defendants' version may be taken as true and the case may be decided in Defendants' favor without a trial.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

       c.     If Defendants wish to file a reply brief, they shall do so no later than **fifteen (15) days** after the date Plaintiff's opposition is filed.

       d.     The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

12.     Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  Leave of Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

In order to maintain the aforementioned briefing schedule, all discovery requests must be served on the opposing party on or by **January 18, 2009** and all discovery responses must be served on or by **February 8, 2009**.  In the event that Defendants file a motion for summary judgment, Plaintiff shall file his opposition to the motion for summary judgment even if he intends to file a motion to compel discovery.  The discovery motion shall be submitted together with Plaintiff's opposition to the motion for summary judgment, and Defendants' response to the discovery motion shall be submitted on or by the date their reply to Plaintiff's opposition is due.  If the Court decides any filed discovery motion in Plaintiff's favor, he will be granted the opportunity to file a supplemental opposition to the motion for summary judgment.

13.     All communications by Plaintiff with the Court must be served on Defendants, or their counsel once counsel has been designated, by mailing a true copy of the document to Defendants or their counsel.

14.     It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

15. Because this case has been pending for almost three years, **no further extensions of time will be granted in this case absent exigent circumstances**. If exigent circumstances exist, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 12/10/08

_Saundra B Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge

P:\PRO-SE\SBA\CR.06\Knight0887.service.wpd17

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CLARENCE KNIGHT,

    Plaintiff,

 v.

M S EVANS, WARDEN et al,

    Defendant.

Case Number: CV06-00887 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 12, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Clarence V. Knight C07508
California State Prison - Soledad
P.O. Box 1050
Soledad, CA 93960-1050

Dated: December 12, 2008

            Richard W. Wieking, Clerk
            By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.06\Knight0887.service.wpd18