IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLARENCE KNIGHT,<br><br>        Plaintiff,<br><br>  v.<br><br>M. S. EVANS, et al.,<br><br>        Defendants. | No. C 06-0887 SBA (PR)<br><br>**ORDER (1) DISMISSING SUPERVISORY LIABILITY CLAIMS; (2) ADDRESSING PENDING MOTIONS; AND (3) SETTING BRIEFING SCHEDULE**<br><br>(Docket nos. 21, 28) |

On December 12, 2008, the Court issued an Order of Service in this action. The Court served certain claims, dismissed other claims, and directed Plaintiff to amend his supervisory liability claims by filing an amendment to the complaint. Plaintiff was warned the failure to file an amendment to the complaint would result in the dismissal of his supervisory liability claims without prejudice. Plaintiff thereafter filed his amendment to the complaint.

Before the Court is Defendants' motion to screen the amendment to the complaint. Also before the Court is Plaintiff's "Motion for Reconsideration of Dismissed Claims." The Court GRANTS Defendants' motion to screen. The Court now reviews Plaintiff's amended supervisory liability claims and addresses his pending motion for reconsideration.

**I.    Supervisory Liability Claims**

In the amendment to the complaint, Plaintiff states that Defendants SVSP Wardens M. S. Evans and A. Duncan as well as Defendants SVSP Chief Deputy Wardens L. E. Scribner, D. Travers and J. M. Allison are liable as supervisors:

> These named defendants in their individual capacities held the inherent power and duty to stop the deprivations of outdoor exercise, deriving from their positions, and didn't do anything. Having numerous opportunities through several notices to correct their actions and inaction, each defendant disregarded the health and safety of Plaintiff and are personally responsibled [sic] for [the] deprivation of outdoor exercise.

(Am. to Compl. at 4-5.)

The Court finds that Plaintiff is alleging respondeat superior claims in his amendment to the complaint. He further alleges:

> Defendants Duncan, Evans, Travers, Allison and Scribner, all as supervisors, failed to train Defendants Celaya and Hedgpeth, while through acts of ignoring illegal conduct by their subordinates, when they knew of them[,] supports supervisory liability against each defendant individually.

(Id. at 5-6.)

Plaintiff seeks to hold Defendants Evans, Duncan, Scribner, Travers and Allison liable because they are the supervisors of the persons Plaintiff contends violated his rights. This is, however, not a proper basis for liability under 42 U.S.C. § 1983. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

In his amendment to the complaint, Plaintiff also claims that Defendants Duncan, Scribner, Travers and Allison are liable as supervisors because they handled and denied his 602 appeals regarding the alleged denial of outdoor exercise. (Am. to Compl. at 2-4.) Any claim based on the simple failure to grant his administrative appeals or process them properly is not cognizable in a § 1983 action because there is no constitutional right to a prison administrative appeal or grievance system for California inmates. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The Court finds that Plaintiff's allegations do not state a claim for relief against Defendants Duncan, Scribner, Travers and Allison, who either allegedly mishandled his appeals or did not rule in Plaintiff's favor during the appeal process.

The Court finds that nothing in the amendment to the complaint is sufficient to overcome the deficiency of his supervisory liability claims against Defendants Evans, Duncan, Scribner, Travers and Allison, which gave rise to the dismissal with leave to amend. Accordingly, Plaintiff's supervisory liability claims against Defendants Evans, Duncan, Hedgpeth, Travers and Allison are dismissed without further leave to amend.

## II. Motion for Reconsideration

Where a district court's ruling has not resulted in a final judgment or order, reconsideration of the ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides that any order which does not terminate the action is subject to revision at any time before the entry of judgment. See Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School

2

Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993).

In the Northern District of California, no motion for reconsideration may be brought without leave of court. See Civil L.R. 7-9(a). Under Civil Local Rule 7-9, the moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. See Civil L.R. 7-9(b). Unless otherwise ordered by the Court, no response need be filed to a motion under the Local Rule. See Civil L.R. 7-9(c).

Plaintiff challenges the Court's dismissal of certain claims asserted in his amended complaint. The Court DENIES Plaintiff's motion for reconsideration of the dismissal of the claims below, as follows:

### A. Deliberate Indifference Claims Against Defendants Jordan and Kessler

Plaintiff's deliberate indifference claims against Defendants SVSP Correctional Lieutenant G. Jordan and SVSP Correctional Sergeant Kessler were dismissed on the grounds that Plaintiff's allegations constituted negligence. See Dec. 12, 2008 Service Order at 6 (citing Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (holding that negligence or harassment related to medical care is insufficient to establish an Eighth Amendment violation)). As explained in the December 12, 2008 Order of Service, Plaintiff's allegations were insufficient to state a claim for relief. See id. (citing Frost v. Agnos, 152 F.3d 1124, 1130 (9th Cir. 1998) (finding no merit in claims stemming from alleged delays in administering pain medication, treating broken nose and providing replacement crutch, because claims did not amount to more than negligence); O'Loughlin v. Doe, 920 F.2d 614, 617 (9th Cir. 1990) (repeatedly failing to satisfy requests for aspirins and antacids to alleviate headaches, nausea and pains is not constitutional violation; isolated occurrences of neglect may constitute grounds for medical malpractice but do not rise to level of unnecessary and wanton infliction of pain); Anthony v. Dowdle, 853 F.2d 741, 743 (9th Cir. 1988) (no more than negligence

3

1  stated where prison warden and work supervisor failed to provide prompt and sufficient medical
2  care)). In his motion for reconsideration of the dismissal of this claim, Plaintiff has not presented
3  any newly-discovered evidence. In addition, he has not shown that the Court committed clear error,
4  that the prior decision was manifestly unjust, or that there has been an intervening change in the law.
5  Rather, Plaintiff claims that "the Court is somewhat litigating for the defendants in its review by
6  downplaying the acts as mere negligence." (Mot. for Recons. at 1.) Plaintiff does not allege any
7  new facts sufficient to support a deliberate indifference claim. If Plaintiff were granted leave to
8  further amend, the amendment would be futile. Accordingly, Plaintiff has not established grounds
9  for reconsideration of the Court's dismissal of his deliberate indifference claims against Defendants
10 Jordan and Kessler.

### B. Retaliation Claim Against Defendant Kessler

12 Plaintiff argues that he already alleged sufficient facts to state a valid retaliation claim
13 against Defendant Kessler. However, in his motion for reconsideration of the dismissal of this
14 claim, Plaintiff has not shown that the Court committed clear error, that the prior decision was
15 manifestly unjust, or that there has been an intervening change in the law. He relies primarily on the
16 allegations that Defendant Kessler "acted in less than good-faith [sic] to take the appropriate
17 measures to produce Plaintiff's medical appliances" and that he "left Plaintiff to suffer by failing to
18 produce the already ordered appliance because Plaintiff refused to withdraw his grievance." (Mot.
19 for Recons. at 2.) These facts, however, do not support an inference that Defendant Kessler acted
20 with retaliatory intent. Even if Defendant Kessler was delayed in supplying Plaintiff's medical
21 appliances, this alone does not establish an improper motive. As mentioned above, at most,
22 Defendant Kessler's actions amount to negligence. Furthermore, Plaintiff received his medical
23 appliances on October 21, 2006; therefore, the Court found that Plaintiff failed to state a claim for
24 relief because he had not shown that Defendant Kessler's actions caused him any injuries. See Dec.
25 12, 2008 Service Order at 8 (citing Resnick v. Hayes, 213 F.3d 443, 449 (9th Cir. 2000) (The
26 prisoner also must allege the defendants' actions caused him some injury.)). Because Plaintiff has
27 neither alleged nor indicated that he could allege facts sufficient to support a retaliation claim
28 against Defendant Kessler, he has not established grounds for reconsideration as to the dismissal of

4

this claim.

### C. Claims Related to Grievance Process

Plaintiff alleges that he "properly stated" claims against Defendants SVSP Appeals Coordinators J. Luman, T. Variz and S. Gomez as well as SVSP Office Assistant of the Appeals Coordinator V. Hernandez "for failing to file Plaintiff's grievances." (Mot. for Recons. at 3.) He also claims that Defendants Evans, Travers, Scribner, Luman, Grannis and Surgess handled and denied his 602 appeals regarding the alleged denial of outdoor exercise at various levels of review. (Id. at 5.) The Court previously found that the amended complaint did not state a claim for relief against the various officials who either mishandled his appeals or did not rule in Plaintiff's favor during the appeal process. See Dec. 12, 2008 Service Order at 8-9 (citing Mann, 855 F.2d at 640). The Court noted that Plaintiff has no federal constitutional right to a properly functioning appeal system. See id. at 9. Therefore, the Court concluded that an incorrect decision on an administrative appeal, or failure to process the appeal in a particular way, does not amount to a violation of Plaintiff's right to due process. See id. (citing Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993) (A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest.)). In his motion for reconsideration of the dismissal of this claim, Plaintiff has not shown that the Court committed clear error, that the prior decision was manifestly unjust, or that there has been an intervening change in the law. Moreover, Plaintiff does not allege any new facts sufficient to support cognizable claims for relief. If Plaintiff were granted leave to further amend, the amendment would be futile. Accordingly, Plaintiff has not established grounds for reconsideration of the Court's dismissal of his claims related to the grievance process against the aforementioned Defendants.

**CONCLUSION**

1.  Defendants' motion to screen Plaintiff's amendment to the complaint (docket no. 28) is GRANTED.

2.  Plaintiff's supervisory liability claims against Defendants Evans, Duncan, Hedgpeth, Travers and Allison are dismissed without further leave to amend.

3.  Plaintiff's motion for reconsideration of the dismissal of the above-referenced claims

5

1   (docket no. 21) is DENIED.

2        4.     The only remaining Defendants, SVSP Associate Warden A. Hedgpeth and SVSP Correctional Lieutenant J. Celaya, filed an answer to Plaintiff's amended complaint on January 20, 2009. The case has been pending for almost three years and there is no reason for further delay. In order to expedite the resolution of this case, the Court orders as follows:

     a.     Defendants shall file their dispositive motion no later than **February 19, 2009.** The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date their summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

     b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **thirty (30) days** after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986)

1  (party opposing summary judgment must come forward with evidence showing triable issues of
2  material fact on every essential element of his claim).  Plaintiff is cautioned that because he bears
3  the burden of proving his allegations in this case, he must be prepared to produce <u>evidence</u> in
4  support of those allegations when he files his opposition to Defendants' dispositive motion.  Such
5  evidence may include sworn declarations from himself and other witnesses to the incident, and
6  copies of documents authenticated by sworn declaration.  Plaintiff is advised that if he fails to
7  submit declarations contesting the version of the facts contained in Defendants' declarations, their
8  version may be taken as true and the case may be decided in their favor without a trial.  Plaintiff will
9  not be able to avoid summary judgment simply by repeating the allegations of his complaint.

10          c.      If Defendants wish to file a reply brief, they may do so no later than **fifteen**
11  **(15) days** after the date Plaintiff's opposition is filed.

12          d.      No hearing will be held on the motion unless the Court so orders at a later
13  date.

14      5.      The Clerk of the Court shall send a copy of this Order to Attorney Lily A. Rivo from
15  the Office of the Attorney General of the State of California, who is the attorney of Defendants
16  Hedgpeth and Celaya.  Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

17      6.      **No further extensions of time will be granted in this case absent exigent**
18  **circumstances**.  If exigent circumstances exist, the party making a motion for an extension of time
19  is not relieved from his or her duty to comply with the deadlines set by the Court merely by having
20  made a motion for an extension of time.  The party making the motion must still meet the deadlines
21  set by the Court until an order addressing the motion for an extension of time is issued.  Any motion
22  for an extension of time must be filed no later than **fifteen (15) days** prior to the deadline sought to
23  be extended.

24      7.      This Order terminates Docket nos. 21 and 28.

25      IT IS SO ORDERED.

26  DATED: 2/11/09                                  *Saundra B Armstrong*
                                                    SAUNDRA BROWN ARMSTRONG
27                                                  United States District Judge
28

P:\PRO-SE\SBA\CR.06\Knight0887.DismissAmClaims.wpd

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

CLARENCE KNIGHT,

        Plaintiff,

  v.

M S EVANS, WARDEN et al,

        Defendant.

Case Number: CV06-00887 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 12, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Clarence V. Knight C07508
California State Prison - Soledad
P.O. Box 1050
Soledad, CA 93960-1050

Dated: February 12, 2009

                Richard W. Wieking, Clerk
                By: LISA R CLARK, Deputy Clerk

P:\PRO-SE\SBA\CR.06\Knight0887.DismissAmClaims.wpd